IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| JAROSLAW RZASINSKI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| DART CASTING, INC. | ) ) |
| Defendant | ) JURY TRIAL DEMANDED |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JAROSLAW RZASINSKI, by and through his attorneys, ALEKSY BELCHER, and in complaining of the Defendant, DART CASTING, INC., states as follows:

### INTRODUCTION

1. Plaintiff's claims are brought under the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, *et seq.* ("ADA").

2. Defendant has discriminated against Plaintiff, its employee, because of his disability.

### PARTIES

3. Plaintiff, JAROSLAW RZASINSKI, is a resident of Cook County, Illinois.

4. Defendant, DART CASTING, INC., at all times relevant, operated, managed, and served as a legal entity located in Alsip, Illinois.

### JURISDICTION AND VENUE

5. This action properly lies in this District pursuant to 28 U.S.C. 1391, as the events giving rise to this claim occurred in this judicial District.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, as it is based on a federal question, namely the Americans with Disabilities Act of 1990.

7. This Court has jurisdiction over this matter as set forth in the Americans with Disabilities Act of 1990, specifically the provisions of 42 U.S.C. 12117.

8. Plaintiff has complied with all administrative prerequisites by filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

9. The EEOC has issued to Plaintiff a Notice of Right to Sue. *See Exhibit A.*

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

10. Plaintiff has been employed by Defendant since approximately April 2012.

11. Per Section 12111 of the ADA, DART CASTING, INC. is an employer subject to the ADA.

12. Section 12102 defines a disability as "a physical…impairment that substantially limits one or more major life activities." This definition "shall be construed in favor of broad coverage of individuals."

13. Section 12102 defines "major life activities" as performing manual tasks, lifting, working, and other enumerated activities.

14. Plaintiff has a disability that substantially limits one or more major life activities.

15. On January 26, 2015, Plaintiff sustained a severe injury to his thumbs, wrists, hands and arms in the course of his employment with Defendant, which resulted in medical treatment, including surgery and amputations.

16. On August 6, 2015, Defendant's independent medical examiner, Dr. Sam Biafora, reviewed a videotape depicting Plaintiff's essential job functions with Defendant.

17. On August 7, 2015, after evaluating the Plaintiff and watching the video, Dr. Biafora opined that Plaintiff could return to work and perform his essential job functions. ***See Exhibit B.***

18. On numerous occasions, Plaintiff offered to return to work to perform the tasks approved by Dr. Biafora.

19. On each occasion, Defendant refused to accommodate Plaintiff and refused to schedule him for work.

20. Per 29 C.F.R. 1630.2, an employee is "qualified" if he has the requisite skill, experience, education and other job-related requirements, and can perform the essential functions of the job.

21. Plaintiff performed the job for Defendant for nearly three years prior to his injury. He thus has the requisite skill, experience, education, and meets all other job-related requirements.

22. Plaintiff can perform the essential functions of the job, as per Plaintiff and Dr. Biafora.

23. On March 1, 2016, Plaintiff asked Defendant for accommodations, namely being assigned to tasks like those that Dr. Biafora viewed on the videotape referenced in paragraph 16.

24. Mark Wolny, owner of the Defendant company, refused the request.

25. Per Section 12112, discrimination shall include the failure to make reasonable accommodation to the known physical limitations of an employee with a disability.

26. Despite the aforementioned law, Defendant violated the ADA by discriminating against Plaintiff when Defendant failed to make reasonable accommodations for Plaintiff's

known physical limitations, specifically by not allowing Plaintiff to return to work in accordance with Dr. Biafora's recommendations.

27. Per Section 12112, no employer shall "discriminate against a qualified individual on the basis of disability."

28. Plaintiff is able and willing to return to work with reasonable accommodations, yet Defendant has refused to provide such work and accommodations.

29. Defendant violated the ADA by failing to provide work and accommodations for Plaintiff because of his disability.

30. As a direct and proximate result of his termination, Plaintiff has suffered past and future pecuniary losses in the form of wages, health benefits, retirement benefits, and other fringe benefits. In addition, Plaintiff suffered the loss of enjoyment of life, emotional pain, suffering and anguish, inconvenience, humiliation and the loss of self-respect.

WHEREFORE, the Plaintiff, JAROSLAW RZASINSKI, prays that this Court enter judgment against the Defendant, DART CASTING, INC., in an amount in excess of $75,000.00 plus fees and the costs of suit as provided by statute or as the Court shall find just.

Respectfully submitted,
ALEKSY BELCHER

Matthew J. Belcher

**DATED: September 27, 2016**

ALEKSY BELCHER
350 North LaSalle Street, Suite 750
Chicago, Illinois 60654
(312) 670-9000
ARDC No.: 6217522